## Case No. 16,442.

### UNITED STATES v. TAYLOR.

[2 Sumn. 584.] [1]

Circuit Court, D. Massachusetts. May Term, 1837.

SEAMEN—MALICIOUS ASSAULT BY MASTER—"MALICE" DEFINED—AUTHORITY OF MASTER AND SUBORDINATE OFFICERS.

1. Act Cong. 1835, c. 40, § 3 [4 Stat. 776], for the punishment of certain maritime offences, provides, that "if any master or other officer of an American ship or vessel, &c., shall, from malice, hatred or revenge, and without justifiable cause, beat, wound or imprison, any one or more of the crew of such ship or vessel," &c., he shall be punished in the manner stated in the act. Held that "malice," in the sense of the act, signified wilfulness, or a wilful intention to do a wrongful act; and, that to authorize a conviction under this act, two things must be shown—First, malice, or hatred, or revenge; and, secondly, a want of justifiable cause to inflict the injury.

[Cited in Wiggin v. Coffin, Case No. 17,624; U. S. v. Harriman, Id. 15,311.]

2. The master, when on board, has generally the sole authority to authorize punishment to be inflicted on any of the crew; and if he is present, when any punishment is inflicted by a subordinate officer, and can prevent it, and does not, he is personally responsible for the act. And neither the mate, nor any subordinate officer, has authority to punish any seamen, even for improper behavior or misconduct to himself personally, when the master is on board, except by the authority, express or implied of the master, or when the necessities of the ship's service require instantaneous punishment, as by blows or otherwise, to compel a seaman to do his duty.

[Cited in The Dubuque, Case No. 4,110. Approved in Murray v. White, 9 Fed. 564. Cited in U. S. v. Trice, 30 Fed. 492; Cole v. Tollison, 40 Fed. 304.]

[Cited in dissenting opinion in Draper v. Commercial Ins. Co., 21 N. Y. 385. Cited in Thompson v. Hermann, 3 N. W. 582, 47 Wis. 609.]

[1] [Reported by Charles Sumner, Esq.]

3. In the absence of the master, the next highest officer on board succeeds to his rights and authority pro tempore, so far as they are necessary for the due performance of the ship's duties.

Indictment upon the statute of 1835, c. 40, § 3, against the defendant [Otis Taylor], the master of the American brig Maria Theresa, for maliciously and without justifiable cause, beating and wounding one John Wilson, a seaman, belonging to the same ship. Plea, not guilty.

J. Mills, U. S. Dist. Atty.

A. H. Fiske and B. Rand, for defendant.

STORY, Circuit Justice, in summing up to the jury, said: This is the first case, which has come before the court upon the construction of the recent act of congress (Act 1835, c. 40) for the punishment of certain maritime offences; and the arguments of counsel and the facts of the case have led us to the consideration, what is the true interpretation of the terms of the act. The third section of the act provides, "that if any master or other officer of an American ship or vessel on the high seas, or on any waters within the admiralty and maritime jurisdiction of the United States, shall, from malice, hatred, or revenge, and without justifiable cause, beat, wound or imprison any one or more of the crew of such ship or vessel," &c. &c., he shall be punished in the manner stated in the act. The question, which arises, is, what is the true meaning of the word "malice," as used in the act? Does it mean (what is the common popular sense) a brutal malignity of conduct, resulting from bad passions and a wicked and depraved heart, such (to use the language of an eminent judge in speaking of that malice, which constitutes a material ingredient in the crime of murder) as indicates a heart regardless of social duty and fatally bent on mischief? Fost. Crown Law, pp. 256, 257. Or does it import only, what, in a general sense, is deemed in law malice, viz. a wilful or wanton intention to do a wrongful act, regardless of or in known violation of duty? The latter is the usual and ordinary sense, in which the word is interpreted in all cases of statutes, and other cases at the common law, in which it constitutes an ingredient in any offence, or tort. In cases of murder, where it has acquired a more intense sense, there is an accompaniment, indicative of its being used in that more intense sense; for in such cases, there must not only be malice, but "malice aforethought." Yet in strictness of law, the term malice by itself, perhaps, has no more than its usual sense in law, even in such cases. Thus, it has been said, "If I give a perfect stranger a blow likely to produce death, I do it of malice, because I do it intentionally, and without just cause or excuse." Bromage v. Prosser, 4 Barn. & C. 255. Malice, then, in the true sense of the law, at least in all cases, except that of murder, signifies no more than a wilful intention to do a wrongful act.

On one occasion, it was said with pregnant brevity by an English judge, that malice is wilfulness. On another occasion, where the subject underwent a thorough discussion, it was said, by the court; "Malice, in common acceptation, means ill will against a person; but in its legal sense, it means a wrongful act, done intentionally, without just cause or excuse." Bromage v. Prosser, 4 Barn. & C. 255. See, also, 2 Starkie, Ev. (2d London Ed.) "Malice," p. 486; Philip's Case, 1 Moody, Cr. Cas. 264, 273; Blunt v. Little [Case No. 1,578]; Dexter v. Spear [Id. 3,867]; U. S. v. Ruggles [Id. 16,205]; 1 Russ. Crimes, 422 (last London Ed.) note; Id. (1st Am. Ed.) p. 614; U. S. v. Coffin [Case No. 14,824].

It is plain, that the act of congress uses the word in this last sense, which is its true sense; for the words of the act are, "malice, hatred, or revenge," not malice and hatred, or revenge; thus, taking a distinction such as really exists, between the import of the different words; malice indicating the mildest form of wrongful intention, and hatred, or revenge, the more intense form resulting from bad passions, and gross malignity and depravity of heart. If the offence were not punishable, unless there were bad passions in the case, then hatred or revenge would have been the only appropriate words. As the language stands, the word "malice" has a substantial meaning, and covers all cases of intentional wrong, not included in the other words.

The other part of the statute is equally important to be considered. There must be a want of justifiable cause for the beating, as well as the existence of malice, or hatred, or revenge. If the party inflicts the injury, however maliciously; still, if he has a justifiable cause, the statute offence is not committed. Both then must concur to authorize a conviction, first, malice, or hatred, or revenge; and secondly, a want of justifiable cause to inflict the injury.

Verdict, Guilty.

In the course of the trial, it appeared, that the mate (who was a witness,) had himself also tied up and whipped the same seaman with a cat, as a punishment for his previous misbehavior to himself personally. This was done, when the captain was on board, but without any authority from him.

Alluding to this testimony, STORY, Circuit Justice, said:

The witness has very frankly stated his own acts. But I wish to give him notice, that he has no authority, nor has any subordinate officer, to punish any seaman for his improper behavior and misconduct to him personally, when the master is on board, except by the authority, express or implied, of the master. The master has generally the sole authority when on board, to authorize punishment to be inflicted on any of the crew; and if he is present, when any punishment is inflicted by a subordinate officer, and can prevent it, and does not, he is personally responsible for the act, and by his acquiescence adopts it, as done by his authority. When the master is not on board, of course the next highest officer on board succeeds to his rights and authority pro tempore, so far as they are necessary for the due performance of the ship's duties. When I say, however, that the mate or subordinate officer has no authority to inflict punishment on any seaman, when the captain is on board, I do not mean to say, that he has not a right to compel a seaman by blows or other force to do his duty at the time, when the immediate exigency of the service requires it to be done. But that is not so much a punishment for the offence of disobedience, as a necessary means of compelling the performance of duty at the very moment, when it is necessary to enforce prompt and immediate obedience. In many cases, the safety of the ship may require instant obedience to a command (as for example to take in sail), without waiting for any direct authority from the master to compel obedience. But the master cannot delegate to any subordinate officer a general authority to inflict punishment at his own pleasure for any offence of the crew. The authority of any subordinate officer to punish exists only, when it is at the very moment absolutely required by the necessities of the ship's service to compel the performance of duty. The master stands in this respect in the relation of a parent to the seamen, and is bound to exercise his own judgment, as to the time, the manner, and the circumstances, under which punishment is to be inflicted on the crew for any past misdemeanors, or any present misdemeanors, not immediately and materially affecting the ship's service or security.