## COLE *v.* TOLLISON *et al.*

(*District Court, D. South Carolina.* October 24, 1889.)

ADMIRALTY—ARREST—SECURITY.

On libel against the master and two mates of a vessel for an assault and battery on libelant by the two mates, who are not in the jurisdiction, where there is no evidence that the master knew of the mates' intention to assault libelant, or could have prevented it, an order of arrest will not be issued without the security usually required in such cases.

In Admiralty. Libel for damages.

C. B. *Northrop*, for libelant.

SIMONTON, J. The libelant, having prepared his libel, moves for leave to file it without giving the bond required under rule 12 of this court. As was intimated in *The Phœnix*, 36 Fed. Rep. 272, no general rule will be laid down permitting suit to be brought *in forma pauperis* with juratory caution. Each case will stand on its own merits, and will be examined *prima facie* before warrant is issued. Such an examination was held in this case. The libel is for damages for an assault and battery on the high seas, the respondents being the two mates and the master of the American schooner Lewis Ehrman. The schooner was on a voyage from Norfolk to Charleston, with a master, two mates, a steward, and four seamen, of whom libelant was one. While on the high seas libelant got into an altercation with the second mate, who thrust a hammer in his face. He went aft and complained to the master. The latter ordered him to go forward to his work, telling him not to use "so much lip," and he would not get into trouble. Returning forward, and just about amid-ships, he was struck in the head by the second mate with a marline-spike, and at the same time the first mate beat him with his fists. The marline-spike cut the skin of his scalp to the bone, and he was shamefully treated. Reaching port, he began criminal proceedings against the two mates for assault and battery. They cannot be found. He now brings a civil action for damages against the two mates and the master. The two mates are not in this jurisdiction. All the other persons on the schooner have been examined before me. The sailors describe the assault by the two mates as above set forth. One of them says that at that moment the master was near him at the wheel on the starboard side of the schooner. He does not know whether the master witnessed the occurrence or not. Another did not see the master at all. The third says that he saw the master on the port side when the blows were struck, and that the master saw them. The libel does not say whether the master witnessed it or not. Now, if we assume that these statements are all true, that the master was on deck, and that he saw the blows struck, there is no evidence that he was aware of the intention of the mates to assault the libelant, or that he could have prevented it; so he cannot be held for the assault and battery. The assault was momentary, and there was no need for further interference. The case does not come within *U. S.* v. *Taylor*, 2 Sum. 584; *Murray* v. *White*, 9 Fed. Rep. 564. The proctor for libelant insists that the master should have relieved him from duty after this assault, as it disabled him. There is no evidence that any complaint of inability to work was made to the master, nor that he really was disabled.

Under these circumstances, without discussing the question of pleading, it does not appear to be a case in which an order of arrest should issue in a civil case without the security usually required in such cases.